FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 28 2012 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————X

Charity Corcino f/k/a Charity Hurdle

Plaintiff

-against-

Sage Capital Recovery, LLC

Defendant

———————————————————X

CV 12 0967

Docket No.

WEXLER, J

BOYLE, M

SUMMONS ISSUED

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendant debt collector violated the Plaintiff's right to privacy in an attempt to collect an alleged debt by repeatedly calling the plaintiff on her cellular phone; by falsely threatening legal action; concealing their identity; and by failing to provide Plaintiff with the notices required by the Fair Debt Collection Practices Act.

2. This is an action for damages brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq..

3. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d); 28 U.S.C Section 1331 and/or 18 U.S.C. Section 1337. Declaratory relief is available pursuant to 28 U.S.C. Section 2201, 2202, and the TCPA. Venue in this District is proper in that the Defendant transacts business here; and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

5. Plaintiff, Charity Corcino, is a natural person who resided within the Eastern District of New York at all times relevant to the complaint. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant, Sage Capital Recovery, LLC is a limited liability company doing business in New York. The principal purpose of Defendant is the collection of debts using

the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

9. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

10. The acts of the Defendant alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

11. The alleged debt of Plaintiff was incurred for personal, family, or household services in that it was a credit card debt used primarily for the purchase of personal items such as furniture.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats paragraphs "1" through "11" as if fully restated herein.

13. Defendant alleges that Plaintiff incurred a debt to Chase Bank.

14. Defendant asserts that a company called Pinnacle Credit Services (Pinnacle) purchased the right to collect the debt from Plaintiff.

14. Defendant asserts that it is collecting the debt on behalf of Pinnacle.

15. The Defendant telephoned Plaintiff and falsely indicated to the Plaintiff that Plaintiff was going to be sued unless she paid the alleged det.

16. The Defendant did not have any intention of suing the Plaintiff.

17. The Defendant was not authorized to sue the Plaintiff for the alleged debt.

18. The Defendant is not a licensed New York attorney.

19. The Defendant communicated with the Plaintiff without meaningfully identifying themselves, in that the Defendant left messages for the Plaintiff that did not properly identify the name of their company.

20. The Defendant communicated with the Plaintiff without giving the notice required by 15 USC 1692e(11), in that the defendant failed to inform the Plaintiff that they were a debt collector.

21. By concealing that they were a debt collector, and concealing the name of the company, the Defendant attempted to mislead the consumer into believing that the caller was someone more important than a debt collector. The defendant's messages attempted to instill the false belief that the Defendant's may be an attorney's office or law enforcement of some nature.

22. Defendant falsely indicated to the Plaintiff that there was a pending claim against the Plaintiff that would be dropped if the Plaintiff paid the alleged debt. By falsely implying that a "claim" was pending, the Defendant attempted to instill the false belief that the Plaintiff was the subject of criminal and/or civil legal proceedings.

23. By concealing their true identity, failing to identify themselves as a debt collector, and indicating that the "claim" would be "dropped" the Defendants attempted to instill the false belief that the criminal and/or civil legal proceedings were pending against the Plaintiff.

24. The Defendant telephoned the Plaintiff's cellular telephone in an attempt to collect the alleged debt.

25. When the Defendant called the Plaintiff's cellular phone, and the Plaintiff answered the phone, there was no live person on the other end of the phone.

26. The Plaintiff has never authorized the Defendant to telephone her cellular phone.

27. The Defendant used an automatic telephone dialing system to place the calls to the Plaintiff.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

29. Defendant's actions as described herein violated the following provisions of the FDCPA:

 a. 15 USC 1692d

 b. 15 USC 1692d(6)

 c. 15 USC 1692e

 d. a. 15 USC 1692e(3)

 e. 15 USC 1692e(4)

 f. 15 USC 1692e(5)

 g. 15 USC 1692e(3)

 h. 15 USC 1692e(7)

i. 15 USC 1692e(10)

j. 15 USC 1692e(11)

## VI. CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

31. Within the year preceding the filing of this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

32. The Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

33. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

34. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

35. The TCPA, 47 U.S.C. § 227(b)(3)(A), provides for monetary and injunctive relief, as follows:

> (3) Private right of action.-- A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

        (A) an action based on a violation of this subsection
or the regulations prescribed under this subsection to
enjoin such violation,
(B) an action to recover for actual monetary loss from
such a violation, or to receive $500 in damages for
each such violation, whichever is greater, or
(C) both such actions.

36. Based upon Defendant's nonstop, harassing, and abusive pattern and practice of willfully and knowingly violating the FDPCA and the TCPA by making these robo-dialed calls to Plaintiff, it is apparent that Plaintiffs have no adequate remedy at law and that only an injunction will suffice to prevent Plaintiff from suffering further irreparable harm. Plaintiff requests that the court issue an injunction prohibiting the Defendant from using an automatic telephone dialing system to call the Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Injunctive relief as requested herein;

2. Actual damages under the FDCPA

3. Statutory damages pursuant to the FDCPA and the TCPA;

4. Costs and reasonable attorney's fees;

5. For such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff