UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARITY CORCINO f/k/a CHARITY HURDLE,<br><br>　　　　Plaintiffs<br>　v.<br><br>SAGE CAPITAL RECOVERY, LLC,<br><br>　　　　Defendant | Civil Action No.: 2:12-cv-0967 |

**DEFENDANT SAGE CAPITAL RECOVERY, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES defendant, Sage Capital Recovery, LLC ("Sage"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

### I.  INTRODUCTION

1.　Sage denies the allegations in ¶ 1.

2.　Sage admits that plaintiff purports to bring an action for actual and statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, but denies any and all damages, liability, and/or violations to the extent alleged in ¶ 2.

3.　The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 3 say otherwise, they are denied.

### II.  JURISDICTION AND VENUE

4.　Sage admits the allegations in ¶ 4 for jurisdiction and venue purposes only. Except as specifically admitted, Sage denies the allegations in ¶ 4.

## III.  PARTIES

5. Sage denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

6. Sage admits only that it does business in the State of New York, that as part of its business it provides debt collection services to third-parties, that it uses the mail and telephone, and when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), that certain of its activities may be regulated by the FDCPA. Except as specifically admitted, Sage denies the allegations in ¶ 6.

7. Sage admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), that certain of its activities may be regulated by the FDCPA.  Except as specifically admitted, Sage denies the allegations in ¶ 7.

8. Sage denies the allegations in ¶ 8 as calling for a legal conclusion.

9. Sage denies the allegations in ¶ 9.

10. Sage denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

11. Sage denies the allegations in ¶ 11.

## IV.  FACTUAL ALLEGATIONS

12. Sage repeats its answers to the allegations in ¶¶ 1-11 as if same were set forth herein at length.

13. Sage admits the allegations in ¶ 13, upon information and belief.

14. Sage admits only that it was retained to collect a debt on behalf of Pinnacle Credit Services.

15. Sage denies the allegations in ¶ 15.

16. Sage denies that it falsely indicated to plaintiff that it was going to sue plaintiff, and therefore denies the allegations in ¶ 16.

17. Sage denies that it falsely indicated to plaintiff that it was going to sue plaintiff, and therefore denies the allegations in ¶ 17.

18. Sage admits the allegations in ¶ 18.

19. Sage denies the allegations in ¶ 19 and further denies that it was obligated to comply with the Fair Debt Collection Practices Act as the underlying debt was a business debt.

20. Sage denies the allegations in ¶ 20 and further denies that it was obligated to comply with the Fair Debt Collection Practices Act as the underlying debt was a business debt.

21. Sage denies the allegations in ¶ 21.

22. Sage denies the allegations in ¶ 22.

23. Sage denies the allegations in ¶ 23.

24. Sage admits the allegations in ¶ 24 upon information and belief, but denies that it called plaintiff's cellular telephone with an automatic telephone dialing system.

25. Sage denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

26. Sage denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

27. Sage denies the allegations in ¶ 27.

## V.  CAUSE OF ACTION UNDER THE FAIR DEBT

## COLLECTION PRACTICES ACT

28. Sage repeats its answers to the allegations in ¶¶ 1-27 as if same were set forth herein at length.

29. Sage denies the allegations in ¶ 29, including subparts a. through j.

## VI. CAUSES OF ACTION UNDER THE TELEPHONE

## CONSUMER PROTECTION ACT

30. Sage repeats its answers to the allegations in ¶¶ 1-29 as if same were set forth herein at length.

31. Sage denies the allegations in ¶ 31.

32. Sage denies that it called plaintiff on her cell phone using an automatic telephone dialing system, and therefore denies the allegations in ¶ 32.

33. Sage denies the allegations in ¶ 33.

34. Sage denies the allegations in ¶ 34.

35. The TCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 35 state otherwise, they are denied.

36. Sage denies the allegations in ¶ 36.

AND NOW, in further Answer to the Complaint, Defendant Sage Capital Recovery, LLC, avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's Complaint fails to state a claim against Sage upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent the FDCPA applies, and to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Sage, or for whom Sage is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

## FIFTH AFFIRMATIVE DEFENSE

One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

One or more of the telephone calls were not made to a wireless, i.e., cellular, telephone.

## SEVENTH AFFIRMATIVE DEFENSE

The phone calls made by Sage are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C.§ 227(b)(2)(b) & 47 C.F.R. § 64.1200(a).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has a business relationship with the creditor, and this business relationship extends to Sage, the creditor's debt collector.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff consented to receiving calls for the account at issue.

## TENTH AFFIRMATIVE DEFENSE

Sage called Plaintiff on the number that Plaintiff gave to the creditor.

## ELEVENTH AFFIRMATIVE DEFENSE

Sage called Plaintiff on the number that the creditor gave to Sage.

## TWELFTH AFFIRMATIVE DEFENSE

The Hobbs Act, 28 U.S.C. § 2342, bars this Court from overruling the FCC Orders, which exempt the calls from the TCPA.

## THIRTEENTH AFFIRMATIVE DEFENSE

The FDCPA does not provide coverage for plaintiff's claims as the debt sought to be collected was a business debt.

WHEREFORE, Defendant Sage Financial Services, Inc. requests the Court dismiss this action with prejudice and grant it all further and necessary relief the Court deems appropriate.

Dated: March 26, 2012

                                    Respectfully Submitted

                                    /s/ Aaron R. Easley
                                    Aaron R. Easley, Esq. (ae9922)
                                    SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                    200 Route 31 North, Suite 203
                                    Flemington, NJ 08822
                                    Telephone No.: (908) 751-5940
                                    Facsimile No.: (908) 751-5944
                                    aeasley@sessions-law.biz
                                    Attorneys for Defendant
                                    Sage Capital Recovery, LLC

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of March, 2012, a copy of **Defendant Sage Capital Recovery, LLC's Answer and Affirmative Defenses** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiffs' counsel as described below. Parties may access this filing through the Court's system.

    Joseph Mauro, Esq. (JM 8295)
    The Law Office of Joseph Mauro, LLC
    306 McCall Avenue
    West Islip, NY  11795
    Phone: 631-669-0921
    Fax: 631-669-5071
    Email: JoeMauroesq@hotmail.com
    Attorney for Plaintiff

                                          /s/ Aaron R. Easley
                                          Aaron R. Easley, Esq.
                                          Attorney for Defendant
                                          Sage Capital Recovery, LLC